# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **DARLENE BROWN-SMITH** and **MICHAEL SMITH,** | ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) CIVIL ACTION NO.: ) 7:08-cv-01319-LSC |
| **BAYROCK MORTGAGE CORPERATION, 1ˢᵗ CONTINENTAL MORTGAGE, INC.,** and **PLESKA & DOUGLAS, LLC.,** | ) ) ) ) ) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Fed. R. Civ. P. 26(f), a meeting was held by telephone conference, on December 12ᵗʰ 2008, and was attended by:

> Earl P. Underwood, Jr., Attorney for Plaintiffs
> Brian Douglas, Attorney for Defendant

The parties do not request a conference with the court before entry of the scheduling order.

1. **Plaintiffs' brief narrative statement of the facts and the causes of action:**

These claims arise from a real estate loan transaction resulting in mortgage upon Plaintiffs' home in Baldwin County, Alabama. Specifically, Plaintiffs' claims against Defendant Bayrock arise under the federal Truth in Lending Act ("TILA"), 15 U.S.C. S 1601 et seq. They also assert claims against Bayrock, Continental and Pleska under the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 et seq. The true costs associated with the loan were never disclosed to Plaintiffs and Bayrock is liable for damages for the failure to properly disclose those costs. RESPA claims are made against Bayrock for paying a kickback to Continental for the referral by

Continental of the Plaintiffs' loan at an above "par rate." Also, many of the fees charged incident to the federally related loan closing were padded and duplicative. RESPA claims are also made against Pleska & Douglas for unearned or duplicative fees.

**Defendant's brief narrative statement of the facts and defenses, including affirmative defenses:**

This report is being filed by Plaintiff's counsel only. After numerous attempts to contact defense counsel for his approval of this draft there has been no response.

2. This jury action should be ready for trial by June 7, 2010 and at this time is expected to take approximately two days.

3. The parties request a pretrial conference in May 2010.

4. The parties jointly propose to the Court the following discovery plan:

    **Plaintiff will need discovery on the following**:

    (a) Charges imposed incident to the extension of the credit herein by the lender and the settlement agent.

    (b) The calculation of the Truth-in-Lending disclosures used in the transaction.

Defendant will need discovery on the following:

    (a)

All fact discovery will be commenced in time to be completed by February 28, 2010.

5. **Initial Disclosures.** The parties will exchange within twenty (20) days after the date of this report, the information required by Fed. R. Civ. P. 26(a)(1).

6. The parties request until June 5, 2009 to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by December 11, 2009;
    from Defendants by January 11, 2010.

8. **Pretrial Disclosures.** Final lists of witnesses and exhibits under Rule 26(a)(3) due May 7,2010.

9. Discovery Limits.

>Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service.
>Maximum of 5 depositions by Plaintiff, including a 30(b)(6) representative deposition. Defendant is limited to 5 depositions.  Each deposition is limited to maximum of 7 hours unless extended by agreement of parties.
>Maximum of 40 requests for admission by each party to any other party. Responses due 30 days after service.
>
>Maximum of 40  requests for production of documents by each party to any other party. Responses due 30 days after service.

10. All potentially dispositive motions, including motions for class certification, filed by March 2010.

11. Settlement cannot be evaluated at this time and may be enhanced by use of the following alternative dispute resolution procedure: Mediation.

12. Other Matters:

    Though the parties do not anticipate significant electronic discovery issues, the disclosure or discovery of electronically stored information (ESI) should be handled as follows:

    a. The production of ESI should be done in .pdf format.

    b. If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

    c. The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial preparation material.

>Respectfully submitted January 27th 2009.
>
>/s/ Earl P. Underwood, Jr.
>Earl P. Underwood, Jr. (UNDEE6591)
>Attorney for Plaintiffs
>21 South Section St.
>Fairhope, Alabama  36532
>Telephone: 251.990.5558
>Facsimile:  251.990.0626
>E-mail: epunderwood@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 27th 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian Douglas
Pleska and Douglas LLC
900 Circle 75 Parkway Se Ste 210
Atlanta GA 30339

Kenneth J. Riemer
Attorney at Law
P.O. Box 1206
166 Government St.
Mobile AL 36633

Milton Brown, Jr.
Attorney at Law, PC
2608 8th Street
Tuscaloosa, AL 35401

Bayrock Mortgage Corp.
11575 Great Oaks Way, Ste. 300
Alpharetta GA 30022

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.